**KRUPP INTERNATIONAL, INC. and Fried. Krupp GmbH, Appellants,**

v.

**U. S. INTERNATIONAL TRADE COMMISSION, Appellee.**

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee.**

**Appeal Nos. 80–23, 80–26.**

United States Court of Customs and Patent Appeals.

June 4, 1980.

Harvey Kaye, George H. Spencer, Sheldon Landsman, Deborah S. Strauss, Spencer & Kaye, Paul Plaia, Jr., Plaia, Schaumberg & Taubman, Washington, D. C., for Krupp, et al.

Jeffrey S. Neeley, Int'l. Trade Comm., Washington, D. C., for Int'l. Trade Comm.

Victor M. Wigman, Herbert Cohen, George Myers, Jr., Wigman & Cohen, Arlington, Va., Van C. Wilks, Herbert M. Hanegan, Stanley Tate, Southwire Co., Carrollton, Ga., James H. Bratton, Jr., Thomas W. Rhodes, Frederick G. Boynton, Gambrell, Russell & Forbes, Atlanta, Ga., for Southwire Co.

Before MARKEY, Chief Judge, and BALDWIN, and MILLER, Associate Judges.

MARKEY, Chief Judge.

American Telephone and Telegraph Company, Western Electric Company, Inc., and Nassau Recycle Corporation (collectively, "Bell") and Krupp International, Inc. and Fried. Krupp GmbH (collectively, "Krupp"), respondents below, have separately appealed from a decision of the United States International Trade Commission (ITC) in investigation No. 337–TA–52, *In re Certain Apparatus for the Continuous Production of*

*Copper Rod.* Southwire Company (Southwire), complainant below, moves to dismiss both appeals for lack of standing. We grant the motions.

### Background

On April 11, 1978, Southwire filed a complaint with the ITC under section 337[1] of the Tariff Act of 1930, *as amended,* 19 U.S.C. § 1337, (section 337), alleging that Krupp and Bell had engaged in unfair acts or unfair methods of competition by importing into and selling in this country certain apparatus used for the continuous production of copper rod. Krupp and Bell allegedly infringed five U. S. patents and misappropriated fourteen trade secrets owned by Southwire.

Following an investigation, the ITC issued a COMMISSION MEMORANDUM OPINION and a COMMISSION DETERMINATION AND ORDER on November 23, 1979. The OPINION treated the five patents and fourteen trade secrets and the issues thereon *seriatum.* The ITC found Bell not guilty of any violation. However, it determined that Krupp violated section 337 with respect to one patent and two trade secrets and ordered Krupp to cease and desist from importing or selling articles incorporating the two trade secrets or articles suitable for use in infringing the patent. Of the remaining four patents, the ITC found three invalid and one valid but not infringed. Of the remaining twelve

trade secrets, the ITC found nine not protectible because they had been publicly disclosed, two not misappropriated, and Southwire lacking a proprietary interest in the other.[2]

On February 19, 1980, Krupp appealed from the ITC decision, alleging error in the determinations that Krupp violated section 337. On February 28, 1980, Southwire filed a cross-appeal attacking the ITC's findings respecting the patents and trade secrets for which no section 337 violation was found.[3] On March 21, 1980, Krupp and Bell each filed a NOTICE OF APPEAL,[4] alleging that the ITC made erroneous findings respecting the patents and trade secrets at issue in Southwire's cross-appeal.

On April 9, 1980, Southwire moved to dismiss the March 21st appeals on the ground that Krupp and Bell were not adversely affected by the determinations from which they appealed and thus lacked standing to appeal.[5]

### Issue

The sole issue is whether Krupp and Bell have standing to appeal.

### OPINION

Under subsection (c) of section 337, only persons who are "adversely affected" by a final determination of the ITC have stand-

---

1. Section 337 provides in pertinent part:
   Unfair practices in import trade
   (a) Unfair methods of competition declared unlawful
   Unfair methods of competition and unfair acts in the importation of articles into the United States, or in their sale by the owner, importer, consignee, or agent of either, the effect or tendency of which is to destroy or substantially injure an industry, efficiently and economically operated, in the United States, or to prevent the establishment of such an industry, or to restrain or monopolize trade and commerce in the United States, are declared unlawful, and when found by the Commission to exist shall be dealt with, in addition to any other provisions of law, as provided in this section.

2. The ITC determinations were referred to the President pursuant to subsection (g) of section

337 and were approved by his representative on January 23, 1980.

3. We denied motions by Krupp and Bell to dismiss the cross-appeal as untimely. *Southwire Co. v. USITC,* No. 80–21 (CCPA June 2, 1980).

4. The ITC characterizes those appeals as "cross-appeals" to Southwire's February 28th cross-appeal. The distinction between an original appeal and a cross-appeal is irrelevant to our decision on these motions. Hence, we need not determine whether the March 21st appeals are original appeals or cross-appeals.

5. Southwire did not question the timeliness of the appeals. We therefore express no view on that point.

ing to appeal to this court.[6] ITC respondents, such as Krupp and Bell, are not "adversely affected" by a determination that they did not violate section 337. *Tong Seae Industrial Co. v. USITC*, No. 79–38, slip op. at 8 (CCPA Jan. 7, 1980). Moreover, findings associated with the ultimate determination that section 337 has not been violated are not final determinations within the meaning of subsection (c) and do not give standing to appeal to a respondent dissatisfied with those findings. *American Telephone and Telegraph Co. v. USITC*, No. 80–14, 626 F.2d 841 (CCPA Mar. 26, 1980); *Krupp International, Inc. v. USITC*, No. 80–15, 626 F.2d 843 (CCPA Mar. 26, 1980).

The issues raised by Krupp and Bell in their appeals relate to patents and trade secrets for which the ITC determined that no section 337 violation had occurred. Hence, the ITC's findings respecting those patents and trade secrets were not adverse final determinations with respect to Krupp and Bell and they do not give Krupp and Bell standing to sustain the instant appeals.

Krupp and Bell admit that the ITC's final determinations respecting those patent and trade secrets were favorable to them. They argue, however, that the risk of reversal created by Southwire's cross-appeal is an adverse effect sufficient to sustain the instant appeals. We disagree.

Subsection (c) of section 337, *supra* note 6, requires an appellant to be adversely affected by the ITC *determination* itself. An appeal by one party does not transform a determination that is otherwise favorable to remaining parties into one that is adverse to them. Southwire's cross-appeal, thus, does not inflict on Krupp and Bell the adverse effect required for standing.

Krupp and Bell understandably wish an opportunity to address the ITC's unfavorable findings respecting those patents and

trade secrets, Southwire having appealed the determinations of no section 337 violation. However, it is not necessary for Krupp and Bell to pursue separate appeals. All questions bearing on the issue of whether there exists a section 337 violation with respect to those patents and trade secrets will be before the court upon consideration of Southwire's cross-appeal. Krupp and Bell can participate as appellees in the cross-appeal and can there raise the issues presently presented by their appeals. *Tong Seae Industrial Co. v. USITC, supra*, slip op. at 8; *see Klemperer v. Price*, 47 CCPA 729, 730–31, 271 F.2d 743, 744, 123 USPQ 539, 540 (1959).

Accordingly, the motions by Southwire to dismiss the March 21st appeals by Krupp and Bell for lack of standing are granted and the appeals are dismissed.

*DISMISSED.*

---

6. Subsection (c) of section 337 provides in pertinent part:

    (c) Determinations; review

      The Commission shall determine, with respect to each investigation conducted by it under this section, whether or not there is a violation of this section. * * * Any person adversely affected by a final determination of the Commission * * * may appeal such determination to the United States Court of Customs and Patent Appeals.