**KRUPP INTERNATIONAL, INC. and Fried. Krupp GmbH, Appellants,**

v.

**U. S. INTERNATIONAL TRADE COMMISSION, and Southwire Company, Appellees.**

**Appeal No. 80–19.**

United States Court of Customs and Patent Appeals.

March 19, 1981.

Harvey Kaye, George H. Spencer, Sheldon I. Landsman, Deborah S. Strauss, Paul Plaia, Jr., Washington, D. C., and Peter Stahlmann, for appellants.

Jeffrey S. Neeley, Washington, D. C., for I.T.C.

Victor M. Wigman, Herbert Cohen, George C. Myers, Jr., Arlington, Va., Van C. Wilks, Herbert M. Hanegan, Stanley L. Tate, Carrollton, Ga., James H. Bratton, Jr., Thomas W. Rhodes, and Frederick G. Boynton, Atlanta, Ga., for Southwire.

Before MARKEY, Chief Judge, BALDWIN, MILLER, and NIES, Judges.

BALDWIN, Judge.

Krupp International, Inc. and Fried. Krupp GmbH (collectively, Krupp) appealed (Appeal No. 80–19) from a decision of the United States International Trade Commission (ITC) in Investigation No. 337–TA–52, *In re Certain Apparatus for the Continuous Production of Copper Rod*, 206 USPQ 138 (1979). Southwire Company (Southwire) has cross-appealed (Appeal No. 80–21). Western Electric Company, Incorporated and Nassau Recycle Corporation (collectively, Bell) move for leave to intervene in Appeal No. 80–19. We deny the motion.

## Background

On April 11, 1978, Southwire filed a complaint with the ITC under section 337[1] of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1337, (section 337), alleging that Krupp and Bell had engaged in unfair acts or unfair methods of competition by importing into and selling in this country certain apparatus used for the continuous production of copper rod. Krupp and Bell allegedly infringed five U.S. patents and misappropriated fourteen trade secrets owned by Southwire.

Following an investigation, the ITC issued a COMMISSION MEMORANDUM OPINION and a COMMISSION DETERMINATION AND ORDER on November 23, 1979, 206 USPQ 138. The OPINION treated the five patents and fourteen trade secrets and the issues thereon seriatum. The ITC found Bell not guilty of any violation. However, it determined that Krupp violated section 337 with respect to one patent and two trade secrets and ordered Krupp to cease and desist from importing or selling articles incorporating the two trade secrets or articles suitable for use in infringing the patent. Of the remaining four patents, the ITC found three invalid and one valid but not infringed. Of the remaining twelve trade secrets, the ITC found nine not protectable because they had been publicly disclosed, two not misappropriated, and Southwire lacking a proprietary interest in the other.[2]

On February 19, 1980, Krupp appealed (Appeal No. 80–19) from the ITC decision, alleging error in the determinations that Krupp violated section 337. On February 28, 1980, Southwire filed a cross-appeal (Appeal No. 80–21) attacking the ITC's findings

---

1. Section 337 provides in pertinent part:
   Unfair practices in import trade
   Unfair methods of competition declared unlawful
   (a) Unfair methods of competition and unfair acts in the importation of articles into the United States, or in their sale by the owner, importer, consignee, or agent of either, the effect or tendency of which is to destroy or substantially injure an industry, efficiently and economically operated, in the United States, or to prevent the establishment of such an industry, or to restrain or monopolize trade and commerce in the United States, are declared unlawful, and when found by the Commission to exist shall be dealt with, in addition to any other provisions of law, as provided in this section.

2. The ITC determinations were referred to the President pursuant to subsection (g) of section 337 and were approved by his representative on January 23, 1980.

respecting the patents and trade secrets for which no section 337 violation was found.[3]

Additionally, two appeals by Bell (Nos. 80–14 and 80–26) were filed and, on Southwire's motions, dismissed by this Court. Similarly, two additional appeals by Krupp (Nos. 80–15 and 80–23) were filed and, on Southwire's motions, dismissed.[4]

To complete the appellate track record, two more appeals in this matter (Nos. 79–25 and 79–31) filed by Southwire have been decided on the merits by this Court, *Southwire Co. v. USITC*, 67 CCPA ——, 629 F.2d 1332, 207 USPQ 189 (1980); and one Southwire appeal (No. 80–30) was dismissed on Southwire's motion. *Southwire Co. v. USITC*, No. 80–30, September 11, 1980.

Concerning Appeal Nos. 80–19 and 80–21, the parties stipulated on March 21, 1980, that they would prepare and file a consolidated printed transcript of record by June 16, 1980. On December 3, 1980, after various other extensions of time, this Court permitted the printed transcript to be filed no later than February 15, 1981; and informed all parties that oral argument was scheduled for June 1981 and that the filing of briefs would be governed by that hearing date. On February 13, 1981, the printed transcript was timely filed with the Court.

On February 17, 1981, Bell moved for leave to intervene in Appeal No. 80–19, the motion presently under consideration. Subsequently, Krupp supported Bell, the ITC did not oppose the motion, Southwire filed its opposition, and on March 9, 1981, Bell filed a reply to the opposition.

## OPINION

Bell bases its Motion for Leave to Intervene on (1) its interest in the outcome of the appeal by virtue of an alleged "potentially reduced resale value" of certain equipment due to the ITC's findings; (2) Bell's "unique knowledge" of various facts pertinent to the appeal; and (3) the lack of prejudice to any of the parties.

Southwire argues, among other things, that Bell's motion is untimely under Rule 15(d) of the Federal Rules of Appellate Procedure (FRAP).

Bell replies that CCPA Rule 1.4(c) allows this Court to waive the time limits of FRAP 15(d) for "good cause" and that good cause is shown by the following: (1) Bell's appeals in Nos. 80–14 and 80–26 were dismissed after the 30 day time limit of FRAP 15(d); (2) Bell, with "some surprise," learned only recently of Southwire's purported present position concerning licensing of one particular patent involved in Appeal No. 80–19; and (3) Bell's interest and the public interest would be advanced by Bell's participation in No. 80–19.

■ The CCPA Rules do not specifically provide for intervention in appeals from final determinations of the ITC. However, CCPA Rule 1.4(a) does state that the "Federal Rules of Appellate Procedure shall govern any practice or procedure not specifically covered by these rules." Thus intervention in this situation is governed by the applicable rules found in the Federal Rules of Appellate Procedure.

FRAP 15 furnishes guidelines for review of orders of administrative agencies, boards, commissions and officers by federal courts of appeals. Specifically, FRAP 15(d) concerns intervention in the federal appellate review process and states:

Unless an applicable statute provides a different method of intervention, a person who desires to intervene in a proceeding under this rule shall serve upon all parties to the proceeding and file with

**3.** This Court denied motions by Krupp and Bell to dismiss the cross-appeal as untimely. *Southwire Co. v. USITC*, 67 CCPA ——, 206 USPQ 306, 629 F.2d 1332 (1980).

**4.** Appeal No. 80–14 was dismissed on March 26, 1980. *American Telephone & Telegraph v. USITC*, 67 CCPA ——, 626 F.2d 841, 206 USPQ 222. Appeal No. 80–15 was dismissed on March 26, 1980. *Krupp International v. USITC*, 67 CCPA ——, 626 F.2d 843, 206 USPQ 223. Appeal Nos. 80–23 and 80–26 were dismissed on June 4, 1980. *Krupp International v. USITC*, 67 CCPA ——, 626 F.2d 844, 206 USPQ 310 (wherein this Court stated that Krupp and Bell could participate as appellees in Southwire's cross-appeal, No. 80–21).

the clerk of the court of appeals a motion for leave to intervene. The motion shall contain a concise statement of the interest of the moving party and the grounds upon which intervention is sought. A motion for leave to intervene or other notice of intervention authorized by an applicable statute shall be filed within 30 days of the date on which the petition for review is filed.

Since no "applicable statute" exists to provide a different method of intervention, Rule 15(d) procedure is applicable to motions for leave to intervene in this Court's review of ITC final determinations.

Appeal No. 80–19 was filed on February 19, 1980. Under FRAP 15(d), assuming no extensions of time were granted under CCPA Rules 1.4(c) and 5.2(d), infra, any motion for leave to intervene would have to have been filed within 30 days of that date, i. e., no later than March 20, 1980. Without requests for or grants of extensions of time, Bell's motion was filed on February 17, 1981, some 334 days late.

As noted by Bell, this Court may waive or modify any provision of its own rules or applicable FRAP rules on motion and for "good cause" under CCPA Rule 1.4(c). Where the request concerns an extension of time, consideration of such a request must be made in light of CCPA Rule 5.2(d) which permits an untimely action to be taken where a motion has been filed *after* the expiration of a controlling specified time period (as is the case here) *only* "where the failure to act was excusable."

█ Reviewing the motion papers before us and considering the arguments presented, we conclude that "good cause" has not been established here to waive the FRAP 15(d) 30 day time period. We also conclude that Bell's failure to act in a timely manner was not excusable.

The untimeliness of the Motion for Leave to Intervene is amplified by the "eleventh hour" filing approach taken by Bell. All

parties to the appeals were informed by this Court on December 3, 1980, that the printed consolidated transcript would have to be filed by February 15, 1981, that the hearing date was set for June 1981 and that the filing of briefs would be governed by the June 1981 date. Thus the February 15, 1981 deadline was known well in advance by Bell. Still Bell filed its motion *after* that deadline, three days *after* the actual filing of the transcript, probably well into the brief preparation period, and very near to the brief filing period of Appeal Nos. 80–19 and 80–21.[5]

Accordingly, Bell's Motion for Leave to Intervene is *denied.*

*DENIED.*

---

**5.** On March 6, 1981, a motion was filed to extend the time for filing appellants' briefs to April 3, 1981, appellees' briefs to May 13, 1981, and reply briefs to May 29, 1981. We granted

that motion on March 9, 1981. As previously noted, this Court has stated that Bell could participate in Appeal No. 80–21 as an appellee, n.4 supra, which Bell has chosen to do.