**CANADIAN TARPOLY CO., Appellant,**

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION and Sealed Air Corporation, Appellees.**

**Appeal No. 81–11.**

United States Court of Customs and Patent Appeals.

May 18, 1981.

Fred S. Whisenhunt, Washington, D. C., for Canadian Tarpoly Co.

Christine Bliss and Michael Stein, Washington, D. C., for ITC.

Lawrence I. Lerner, Westfield, N. J., for Sealed Air Corp.

Before MARKEY, Chief Judge and RICH, BALDWIN, MILLER and NIES, Judges.

MILLER, Judge.

Sealed Air Corporation ("Sealed Air") moves to intervene in Appeal No. 81–11, pending before this court, as a party appellee. We grant the motion.

*Background*

Appeal No. 81–11 involves a petition to the United States International Trade Commission ("ITC") filed November 7, 1980, wherein Canadian Tarpoly Co. ("Tarpoly") requested that ITC declare invalid its June 30, 1979, order issued in Investigation No. 337–TA–56, conducted under section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337). *In re Certain Multicellular Plastic Film*, 206 U.S.P.Q. 244 (USITC 1979). In its petition, Tarpoly complained that ITC's order:

---

**32.** *Shaw v. United States, supra* note 28; *see Leonard v. Douglas, supra* note 31.

**33.** *Shaw v. United States, supra* note 28.

(a) exceeded the statutory authority and jurisdiction of ITC provided by section 337;

(b) unlawfully extended the patent monopoly of U.S. Patent No. 3,416,984 ('984), assigned to Sealed Air, the patent subject matter of the investigation;

(c) resulted in an unconstitutional taking of petitioner's (Tarpoly's) property without due process of law; and

(d) was arbitrary and capricious.

By letter of December 10, 1980, ITC denied Tarpoly's petition and refused to rescind its order. Hence Appeal No. 81–11 was filed February 6, 1981.[1]

In Appeal No. 81–11, Tarpoly contends that ITC's December 10 letter was a final decision and repeats the grounds set forth in its petition. Sealed Air's motion to intervene in this appeal was filed March 12, 1981. ITC does not oppose this motion. Both Tarpoly and Sealed Air have filed additional memoranda concerning the motion.

## OPINION

In the absence of an applicable statute or rule of this court covering interventions, Fed.R.App.P. 15(d) governs. *Krupp Inc. v. United States International Trade Commission*, 644 F.2d 869 (Cust.&Pat.App.1981) (Motion for Leave to Intervene). It provides:

(d) Intervention. Unless an applicable statute provides a different method of intervention, a person who desires to intervene in a proceeding under this rule shall serve upon all parties to the proceeding and file with the clerk of the court of appeals a motion for leave to intervene. The motion shall contain a concise statement of the interest of the moving party and the grounds upon

which intervention is sought. A motion for leave to intervene or other notice of intervention authorized by an applicable statute shall be filed within 30 days of the date on which the petition for review is filed.

Without more, the implication is that the granting of a motion to intervene would inherently rest on the sound discretion of the court. In *UAW v. Scofield*, 382 U.S. 205, 217 n.10, 86 S.Ct. 373, 381 n.10, 15 L.Ed.2d 272 (1965), the Supreme Court commented on intervention in the courts of appeals by private parties directly affected by agency orders and indicated that the policies underlying Rule 24 of the Federal Rules of Civil Procedure (Intervention in United States District Courts) "may be applicable in appellate courts."[2] That rule provides in pertinent part as follows:

RULE 24. Intervention

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an

---

1. A Petition for Writs of Mandamus and Prohibition was filed in this court by Tarpoly on December 17, 1980 (No. 81–5). This court, by decision dated February 5, 1981, denied said petition, holding that Writs of Mandamus and Prohibition were not appropriate. Sealed Air's petition to intervene at that time was dismissed as moot. *Canadian Tarpoly Co. v. United States International Trade Commission*, 640

F.2d 1322, 209 U.S.P.Q. 33 (Cust. & Pat.App. 1981) (Judges Baldwin and Nies, dissenting).

2. *See* C. Wright, *Law of Federal Courts*, 369–74 (1976); *see also United States v. Bursey*, 515 F.2d 1228, 1238 n.24, (CA 5 1975); *Pepsico, Inc. v. FTC*, 472 F.2d 179, 184–86, (CA 2 1972), *cert. denied*, 414 U.S. 876, 94 S.Ct. 44, 38 L.Ed.2d 122 (1973).

action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Sealed Air as the assignee of the '984 patent, which is the subject of ITC's June 30, 1979, order, argues that the "effect of the appeal [No. 81–11], if successful, would be to direct the ITC to vacate the exclusionary order which was issued by the ITC at the request of Sealed Air [thus resulting in] ... grave, adverse consequences to Sealed Air."

We agree with Sealed Air insofar as its argument applies to Tarpoly's complaint that ITC's "[o]rder unlawfully extended the patent monopoly of the '984 patent." It is clear that Sealed Air's ownership of the '984 patent is an interest relative to Appeal No. 81–11. If, in disposing of Appeal No. 81–11, this court vacates ITC's June 30, 1979, order, it necessarily follows that Sealed Air's rights under the '984 patent would be affected. Finally, since ITC has no owner-

ship interest whatever in the '984 patent, we are unwilling to hold that Sealed Air's ownership interest would be adequately represented by ITC.

Although Sealed Air's motion to intervene was filed three days late, Tarpoly does not oppose the motion on that basis, and there appears to be no prejudice to Tarpoly from waiving Sealed Air's tardiness. ITC does not oppose the motion at all. Accordingly, we are persuaded to grant Sealed Air's motion. CCPA Rule 1.4(c); Fed.R. App.P. 2; *see Krupp, supra; North American Pharmacal, Inc. v. HEW*, 491 F.2d 546, 550 (CA 8 1973); *see also United States Steel Corp. v. EPA*, 614 F.2d 843, 846 (CA 3 1979).

Tarpoly argues, however, that Sealed Air has waived its right to intervene because it failed to contest Tarpoly's November 7 petition before ITC. In other words, Tarpoly asserts that failure by Sealed Air to intervene below precludes this court from permitting intervention on appeal. Taking into account the circumstances of this case as set forth above, we do not agree.