NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**RESEARCH IN MOTION LTD. AND
RESEARCH IN MOTION CORP.,**
*Appellants,*

v.

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

AND

**EASTMAN KODAK CO.,**

*Intervenor.*

---

2012-1648

---

On appeal from the United States International Trade Commission in Investigation No. 337-TA-703.

---

## ON MOTION

---

Before RADER, *Chief Judge*, LOURIE and SCHALL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

# ORDER

Eastman Kodak Co. (Kodak) moves for leave to intervene and seeks to dismiss this appeal for lack of standing. Research In Motion Ltd. et al. (RIM) oppose the motion to dismiss.

This appeal arises out of a complaint brought by Kodak at the International Trade Commission (ITC), alleging that RIM and Apple Inc.'s (Apple) infringement of claim 15 of U.S. Patent No. 6,292,218 (the '218 Patent) constituted violations of 19 U.S.C. § 1337. In its final decision, the ITC affirmed the Administrative Law Judge's conclusion that RIM and Apple infringed claim 15 of the '218 Patent but ultimately determined that claim 15 of the '218 Patent is invalid and therefore RIM and Apple did not violate section 337.

Kodak has appealed from the ITC's final determination, in which RIM will be participating as intervenor. *See Eastman Kodak Co. v. Int'l Trade Comm'n*, Fed. Cir. Appeal No. 2012-1588. RIM now additionally seeks its own appeal from the same ITC determination. The statute authorizing this court's jurisdiction over such cases provides that only parties "adversely affected by a final determination of the ITC" may appeal to this court. 19 U.S.C. § 1337(c). We agree with Kodak that RIM's appeal does not fall within those authorized by section 337(c).

It is well established, as a general matter, that it is only necessary and appropriate for a party to file an appeal or cross-appeal when seeking to alter the judgment. *See Mass. Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479 (1976); *Pub. Serv. Commn. v. Brashear Freight Lines*,

*Inc.*, 306 U.S. 204, 206 (1939); *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924).

It is equally clear that when the judgment entered is that the patent asserted is invalid, there is no basis for the defendant to appeal from a ruling of infringement. This court addressed and rejected such an appeal in a district court case in *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004). There, we explained that because invalidity operates as a complete defense to infringement for any product, reversal as to infringement would not affect the scope of the judgment. *See id.* (citing *Weatherchem Corp. v. J.L. Clark, Inc.*, 163 F.3d 1326, 1335-36 (Fed. Cir. 1998)).

The same analysis applies in section 337 cases. When the ITC renders a final determination that a product is not in violation of section 337 because the patent is invalid, the importer or seller of the product has no standing to appeal since any adverse infringement or invalidity finding in the ITC's decision would not alter the scope of the ITC's final determination. *See Surface Tech., Inc. v. Int'l Trade Comm'n*, 780 F.2d 29, 30-31 (Fed. Cir. 1985); *Krupp Int'l, Inc. v. Int'l Trade Comm'n*, 626 F. 2d 844, 846 (C.C.P.A. 1980) ("[F]indings associated with the ultimate determination that section 337 has not been violated are not final determinations within the meaning of subsection (c) and do not give standing to appeal to a respondent dissatisfied with those findings."). In view of the ITC's finding that they did not violate section 337, RIM is without standing to appeal. Accordingly, RIM's appeal must be dismissed.

Since RIM has been granted the right to intervene in 2012-1588, RIM may advance in its brief in support of the ITC's final determination any argument preserved in the

RESEARCH IN MOTION v. ITC                                    4

ITC. *Mass. Mutual*, 426 U.S. at 479. Whether those arguments are proper, however, are determinations best left to the merits panel assigned to hear the case.

Accordingly,

IT IS ORDERED THAT:

(1)  Kodak's motions are granted.

(2)  The revised official caption is reflected above.

(3)  The appeal is dismissed.

(4)  Each side shall bear its own costs.

FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk

s26

Issued As A Mandate:  NOV 2 1 2012