**LANDIS TOOL DIVISION OF LITTON INDUSTRIAL PRODUCTS, INC., Petitioner,**

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION; Joseph O. Parker, Chairman; Bill Alberger, Vice Chairman; Catherine Bedell, Commissioner; George M. Moore, Commissioner; Paula Stern, Commissioner; Kenneth R. Mason, Secretary; Newall Machine Tool Company, Ltd.; Ford Motor Company, Respondents.**

Appeal No. 80–10.
Investigation No. 337–TA–60.

United States Court of Customs and Patent Appeals.

Feb. 14, 1980.

Robert E. Isner, Bruce G. Fiigen, and Spencer T. Smith, New York City, for Landis Tool Division of Litton Industrial Products, Inc.

Edward Lebow, Christine Bliss, Washington, D. C., for International Trade Commission.

James G. Staples, Chicago, Ill., for Newall Machine Tool Co.

---

Hal D. Cooper, Cleveland, Ohio, for Ford Motor Co.

## ON PETITION FOR WRIT OF MANDAMUS

Before MARKEY, Chief Judge, and RICH, BALDWIN and MILLER, Judges.

MILLER, Judge.

Petitioner seeks issuance of a writ of mandamus to the International Trade Commission ("ITC").

## BACKGROUND

This matter arises out of ITC investigation No. 337–TA–60, "In the Matter of Certain Automatic Crankpin Grinders." Petitioner, Landis Tool Division of Litton Industrial Products, Inc. ("Landis") filed a complaint with ITC alleging that the importation of certain automatic crankpin grinders infringes its patent in violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337. On December 17, 1979, ITC, while agreeing with Landis that section 337 had been violated, ruled that the overriding public interest in the promotion of fuel economy precluded the issuance of an exclusion order or a cease and desist order. On December 28, 1979, Landis filed this petition for a writ of mandamus, compelling ITC to vacate that portion of its decision denying relief and to hold an evidentiary hearing on "the issues of relief, bonding and the public interest."

1. The letter was filed by respondent Ford Motor Company ("Ford") in support of its post-hearing brief relating to the subjects of relief, bonding, and the public interest and was written by Ford's Vice President-Purchasing and Supply, Mr. Lionel M. Chicoine.

2. We consider this motion to be ITC's response to Landis' petition, and not a separate motion.

3. 19 CFR 210.56 provides in pertinent part that:
 Within fourteen (14) days after completion of service of a Commission determination, any party may file a petition for reconsideration of such determination or any action ordered to be taken thereunder with the Commission, setting forth the relief desired and the grounds in support thereof. . . .

4. 19 U.S.C. § 1337(c) states in pertinent part:

Landis alleged that ITC's "adoption of and reliance upon the Chicoine letter [1] and its substantive content" denied it due process of law, namely: the rights to cross-examine and to submit rebuttal evidence. On January 17, 1980, ITC filed a motion to dismiss the petition for writ of mandamus.[2]

On December 28, 1979, Landis filed a MOTION FOR A TOLLING OF TIME IN U.S.I.T.C. INV. NO. 337–TA–60 asking that the time limits specified in 19 CFR 210.56 [3] and 19 U.S.C. § 1337(c) [4] be tolled until resolution of its petition for writ of mandamus.

## OPINION

 Writs of mandamus are to be used only in extraordinary circumstances when no meaningful alternatives are available. *Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976); *Margolis v. Banner*, 599 F.2d 435, 443, 202 USPQ 365, 373 (CCPA 1979). Because ITC's ruling of December 17, 1979, was a final order relative to the subject matter constituting the basis for Landis' petition, Landis may appeal to this court pursuant to 19 U.S.C. § 1337(c). *Import Motors Ltd. v. International Trade Commission*, 530 F.2d 940, 945, 63 CCPA 57, 63, 188 USPQ 491, 495 (1976). This is clearly a meaningful alternative to a writ of mandamus.

Accordingly, the petition for a writ of mandamus is denied.[5]

 Any person adversely affected by a final determination of the Commission under subsection (d) or (e) of this section may appeal such determination to the United States Court of Customs and Patent Appeals. Such court shall have jurisdiction to review such determination in the same manner and subject to the same limitations and conditions as in the case of appeals from decisions of the United States Customs Court.
 28 U.S.C. § 2601(a), which governs the taking of appeals to this court from the United States Customs Court, provides that such appeals shall be filed within sixty days after entry of the judgment or order.

5. In view of our decision, Landis' motion for tolling of time is moot.