**AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Western Electric Company, Incorporated and Nassau Recycle Corporation, Appellants,**

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION and Southwire Company, Appellees.**

Appeal No. 80–14.

United States Court of Customs and Patent Appeals.

March 26, 1980.

Edward Dreyfus, Bernard Zucker, New York City, Western Electric Co., Inc., Edwin B. Cave, New Providence, N.J., Thomas Heyman, Watson, Leavenworth, Kelton & Taggart, New York City, for American Telephone & Telegraph et al.

Jeffrey S. Neeley, Washington, D.C., International Trade Commission, for United States International Trade Commission.

Harvey Kaye, George H. Spencer, Sheldon I. Landsman, Deborah S. Strauss, Spencer & Kaye, Washington, D.C., Peter Stahlmann, Harrison, N.Y., Krupp International etc., for Fried. Krupp GmbH et al.

Victor M. Wigman, Herbert Cohen, George C. Myers, Jr., Wigman & Cohen, Arlington, Va., for Southwire Company.

Before MARKEY, Chief Judge, and RICH, BALDWIN and MILLER, Associate Judges.

BALDWIN, Judge.

This matter comes before us on Southwire Company's (Southwire) Motion to Dismiss * American Telephone and Telegraph Company (Bell) et al.'s appeal from the United States International Trade Commission's (ITC) determination of November 23, 1979, *In the Matter of Certain Apparatus for the Continuous Production of Copper Rod,* Investigation No. 337–TA–52. The ITC concluded that Bell had not violated 19 U.S.C. § 1337.

## OPINION

Bell is not a "person adversely affected" by the Commission's final determination. The statute gives the ITC authority to make determinations of "whether or not there is a violation of this section." (19 U.S.C. § 1337(c)). Appeals to this court can be taken from such "determinations" only by those who are "adversely affected" thereby. Dicta, findings of fact and the like are *not* determinations within the meaning of the statute. The ITC's findings of which Bell complains are not determinations within the meaning of the statute. Contrary to Bell's arguments improperly raised from *Refractarios Monterrey v. Ferro,* 606 F.2d 966, 203 USPQ 568 (1979), *cert. denied,* 445 U.S. 943, 100 S.Ct. 1338, 63 L.Ed.2d 776 (1980), this court will consider evidentiary matters associated with statutory final determinations, but this court does not accept appeal upon those "associated matters." Since the ITC determined that there was no § 1337 violation by Bell, Bell is without standing to appeal. *Tong Seae v. ITC,* No. 79–38 (CCPA January 7, 1980).

Accordingly, Southwire's Motion to Dismiss the Appeal is *granted.* Southwire's Motion to Extend the Time for Filing a Cross-Appeal and Bell's Motion for Extension of Time to Designate Record are therefore moot.

*DISMISSED.*

---

* The papers considered by the court include Bell's request for Leave to File Further Response to Southwire's Motion to Dismiss Appeal and Southwire's opposition thereto.