ASHLOW, LIMITED, Ashlow Corporation, Georgetown Steel Corporation, Korf Industries, Inc., Korf Industrie Und Handel, GmbH, Korf Engineering, GmbH, Mr. Willy Korf, and Mr. Johann Heinrich Rohde, Petitioners,

v.

UNITED STATES INTERNATIONAL TRADE COMMISSION, Respondent.

Appeal No. 82–11.

United States Court of Customs and Patent Appeals.

March 12, 1982.

Harvey Kaye, R. V. Lupo, Steven E. Lipman, Spencer & Kaye, Bart Fisher, Andrew S. Newman, Michael D. Esch, Patton, Boggs & Blow, Washington, D. C., for Ashlow, Ltd., Ashlow Corp., Korf Ind. Inc., & Georgetown Steel Corp.

William Schurtman, William M. Barron, Walter, Conston, Schurtman & Gumpel, New York City, for Korf Industrie und Handel, GmbH, Korf Engineering, GmbH, Willy Korf, and Johann Heinrich Rohde.

Robert B. Russell, Russell & Tucker, Boston, Mass., for Morgan Const.

Warren Maruyama, Washington, D. C., for Intern. Trade Commission.

Before MARKEY, Chief Judge, RICH, BALDWIN, MILLER and NIES, Judges.

BALDWIN, Judge.

Petitioners seek a writ of mandamus against the United States International Trade Commission (ITC). The petition is denied.

### Background

This matter arises out of ITC investigation No. 337–TA–97, "Certain Steel Rod Treating Apparatus and Components Thereof." The investigation was instituted on a complaint filed December 17, 1980, by Morgan Construction Company (Morgan), the assignee of U. S. Patent No. 3,390,871 ('871 patent). Morgan's complaint alleged a violation of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), by the sale for importation into the United States of an apparatus for treating steel rods which, according to Morgan, infringed the '871 patent. The present petitioners were named as parties respondent to ITC's investigation relating to Morgan's complaint.

On December 1, 1981, the ITC found the '871 patent valid, enforceable, and infringed, and further determined that 19 U.S.C. § 1337 had been violated. On December 10, 1981, the ITC issued an order under 19 U.S.C. § 1337(d) excluding from importation any steel rod treating apparatus and components thereof manufactured or sold by the petitioners which infringed the '871 patent. The exclusion order also provided for entry of such infringing merchandise during the review period provided by 19 U.S.C. § 1337(g), conditioned on the posting of a bond for 100% of the value of the merchandise.[1] Thereafter, the exclusion order was sent to the President for review.

Concurrently with the ITC's investigation, petitioners filed a complaint on May 13, 1981, in the United States District Court for the District of South Carolina, Charleston Division, seeking a declaratory judgment that the '871 patent was invalid, unenforceable, and not infringed. On December 30, 1981, after the ITC exclusion order had gone to the President, the South Carolina district court ruled that the '871 patent was invalid over prior art and for incorrect inventorship, and was unenforceable for fraudulent conduct during prosecution of the application which became the '871 patent. The judgment of the district court was entered on February 2, 1982. *Ashlow, Ltd. v. Morgan Construction Co.,* 672 F.2d 371 (D.S.C. 1982).

Responding to a motion by petitioners, the ITC revoked its exclusion order under § 1337(d) on January 15, 1982, in light of the district court's ruling, but issued a new exclusion order, "pursuant to subsection (e) of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337(e))," [2] providing for entry un-

1. Under § 1337(g), the President has 60 days in which to disapprove an ITC determination for policy reasons. 19 U.S.C. § 1337(g) expressly provides for entry under bond during the review period of articles excluded under § 1337(d).

2. 19 U.S.C. § 1337(e) provides:

If, during the course of an investigation under this section, the Commission determines that there is reason to believe that there is a violation of this section, it may direct that the articles concerned, imported by any person with respect to whom there is reason to believe that such person is violating this section, be excluded from entry into the United States, unless, after considering

der a 100%-of-value bond "until such time as the Commission shall render a final determination as to permanent relief under section 337(d) or section 337(f)." Regarding the district court's finding of invalidity and unenforceability, the order stated:

> This investigation shall be suspended pursuant to section 337(b)(1)[3] until such time as the Court of Appeals for the Fourth Circuit shall render a final judgment as to the appeal from the final order of the District Court * * * or until otherwise reopened by the Commission.

On January 19, 1982, petitioners filed this petition for a writ of mandamus compelling the ITC to revoke its "temporary" order of January 15, 1982, and to reinstitute the § 1337(d) order of December 10, 1981. Petitioners alleged that, as a result of the ITC's issuing a "temporary" order, neither they nor Morgan could appeal, since 19 U.S.C. § 1337(c) confers jurisdiction upon this court to review only "final determination[s] of the Commission under subsection (d), (e), or (f)." According to petitioners, the ITC's "temporary" order did not issue under § 1337(e), since the requirements for a § 1337(e) order were not satisfied.[4] Therefore, petitioners urged there was no "determination" under § 1337(e) that could be challenged pursuant to § 1337(c), and, as a consequence, our jurisdiction to hear an appeal under § 1337(c) was effectively frustrated.

## OPINION

■ In essence, petitioners argue that the ITC, by acting outside of its statutory authority, has deprived this court of its appellate jurisdiction under § 1337(c), thereby requiring the issuance of an extraordinary writ "in aid" of our jurisdiction. However, writs of mandamus are to be eschewed when a meaningful alternative is available. *Landis Tool Division v. U. S. International Trade Comm'n*, 614 F.2d 766, 205 U.S.P.O. 112 (CCPA 1980). We conclude that the alternative of an appeal is available and that the petition for writ of mandamus, therefore, does not lie.[5]

■ It is a well-recognized principle that a federal court can hear a case in the first instance to determine whether it has the requisite jurisdiction. *See, e.g., United States v. United Mine Workers of America*, 330 U.S. 258, 291–92, 67 S.Ct. 677, 694–95, 91 L.Ed. 884 (1947); *Stoll v. Gottlieb*, 305

---

the effect of such exclusion upon the public health and welfare, competitive conditions in the United States economy, the production of like or directly competitive articles in the United States, and United States consumers, it finds that such articles should not be excluded from entry. The Commission shall notify the Secretary of the Treasury of its action under this subsection directing such exclusion from entry, and upon receipt of such notice, the Secretary shall, through the proper officers, refuse such entry, except that such articles shall be entitled to entry under bond determined by the Commission and prescribed by the Secretary.

3. 19 U.S.C. § 1337(b)(1) imposes a timetable for completion of an ITC investigation, but excludes therefrom "any period of time during which such investigation is suspended because of proceedings in a court or agency of the United States involving similar questions concerning the subject matter of such investigation."

4. In particular, petitioners argued that the "temporary" order did not issue "during the course of an investigation," the ITC's investigation having already been completed. Also, pe-

titioners contended that the district court's judgment of the '871 patent's invalidity and unenforceability was *res judicata*, so that there could be no "reason to believe" that petitioners were violating § 1337 as Morgan's complaint alleged.

5. In addition to providing for review by this court of "final determinations" of the ITC under §§ 1337(d), (e), and (f), § 1337(c) states that "Commission determinations under subsections (d), (e), and (f) with respect to its findings on * * * the amount and nature of bond, or the appropriate remedy shall be reviewable in accordance with" 5 U.S.C. § 706. The ITC has argued, *inter alia*, that the "temporary" order constituted a "final determination" within the meaning of § 1337(c), and that petitioners, accordingly, have a present right of appeal. In this regard, the United States Trade Representative indicated in a letter to the ITC chairman, dated February 3, 1982, that the President had decided "to take no action to disapprove the Commission determination in Investigation No. 337–TA–97, *Certain Steel Rod Treating Apparatus and Components Thereof.*"

U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938). In addition, Congress has given this court exclusive appellate jurisdiction over subject matter under § 1337 relating to a complex statutory scheme requiring uniform application.[6] Hence, we conclude that this court has the authority to decide the legal limits of its own appellate jurisdiction.[7] This is true even when, as may be the case here, the merits of the dispute are so directly linked to the issue of appellate jurisdiction that a determination of the jurisdictional question necessarily involves consideration of the merits to some extent. See *ECEE, Inc. v. Federal Energy Regulatory Comm'n*, 611 F.2d 554, 555 n.4 (CA 5 1980).

In view of the foregoing, we hold that we have jurisdiction to hear petitioners' appeal challenging the ITC's order of December 10, 1981. Accordingly, the petition for writ of mandamus is *denied*.

DENIED.

---

**6.** 28 U.S.C. § 1543 (1981). 19 U.S.C. § 1337(c) also states that any person adversely affected by a final determination under subsections (d), (e), or (f) of § 1337 may appeal therefrom to this court. *See also Ashlow, Ltd. v. Morgan Construction Co.*, 672 F.2d 371 (CA 4 1982) (whether the ITC has the power to impose a bond requirement, while staying final determination as to permanent relief pending appeal from a district court decision, is a matter for review exclusively by the CCPA).

**7.** *See* Dobbs, *The Validation of Void Judgments: The Bootstrap Principle*, 53 Virginia L.Rev. 1003, 1010–13, 1241, 1254–57 (1967) (2 parts).