**SSIH EQUIPMENT S. A., Petitioner,**

**v.**

**UNITED STATES INTERNATIONAL TRADE COMMISSION and Stewart-Warner Corporation, Respondents.**

**Appeal No. 82–2.**

United States Court of Customs and Patent Appeals.

April 1, 1982.

George M. Sirilla, Kevin E. Joyce, Peter W. Gowdy, Cushman, Darby & Cushman, Washington, D. C., for petitioner.

Michael Stein, Washington, D. C., for International Trade Commission.

Melvin M. Goldenberg, McDougall, Hersh & Scott, Chicago, Ill., for Stewart-Warner Corp.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

NIES, Judge.

SSIH Equipment S.A. (SSIH) seeks a writ of mandamus against the International Trade Commission (Commission). We deny the petition.

## Background

The Commission instituted an investigation pursuant to a complaint filed by Stewart-Warner Corporation alleging violation of 19 U.S.C. § 1337 by SSIH by virtue of infringement of U.S. Letters Patent Nos. 3,495,762; 3,941,926; and 4,009,335 ('762, '926, and '335 patents, respectively). Notice of the investigation was published December 19, 1979. 44 Fed.Reg. 75242 (1979). On June 27, 1980, the Commission designated the investigation "more complicated."

The Commission held the three patents valid and infringed by SSIH and entered an exclusion order against importation of infringing goods by SSIH.[1] The exclusion order was entered June 19, 1981, 18 months after notice of the investigation was first published.

During the subsequent 60 day Presidential review period (19 U.S.C. § 1337(g)), the '926 and '335 patents were held invalid in an infringement action to which petitioner is not a party. *Stewart-Warner Corp. v. City of Pontiac*, No. 79–73536 (E.D.Mich. July 16–17, 1981).[2]

The Commission, sua sponte, on August 10, 1981, modified the exclusion order to suspend its effect with respect to the '926 and '335 patents pending resolution of the question of their validity on appeal to the Sixth Circuit. 44 Fed.Reg. 42217 (Aug. 10, 1981).

The General Counsel of the United States Trade Representative notified the Commission on August 19, 1981, that the President had taken no action, allowing the Commission's modified order to become final.[3] SSIH filed a Notice of Appeal October 16, 1981, from the final order of the Commission.

Prior to the Commission's modification of its exclusion order, on July 29, 1981, SSIH had filed Motion No. 75–33 asking the Commission to reopen the record of the investigation to consider new evidence.[4] SSIH's motion offered for admission to the record the following:

(i) the opinion of the District Court and selected portions of the trial transcript from the *American Sign & Indicator* case [*Stewart-Warner Corp. v. City of Pontiac*]; (ii) the film record of events occurring at Kansas City Arrowhead Stadium on August 8, 1972, including an interview with Judge George Lehr ...; and (iii) such additional evidence as may be relevant to, or necessary to authenticate, the foregoing items of evidence. [Motion No. 75–33 at 6.]

The Commission denied SSIH's motion to reopen, treating it as a motion similar to a motion under Fed.R.Civ.P. 60(b). Applying the standards under Rule 60(b), on November 18, 1981, the Commission denied the motion, saying the proffered new evidence is merely cumulative or impeaching and that its consideration would not likely cause a different result.

SSIH's present petition seeks an order directing the Commission to reopen the in-

---

1. Certain Large Video Matrix Display Systems and Components Thereof, Inv. No. 337–TA–75, USITC Pub. No. 1158 at 4 (1981).

2. The '762 patent was not in issue in the *Pontiac* case.

3. SSIH contends that, by virtue of the suspension, there is no appealable "final determination" as to the '335 and '926 patents. We do not reach this jurisdictional issue.

4. SSIH had also asked the Commission to stay the exclusion order in its entirety pending the appellate court's review of the validity of the '926 and '335 patents. The Commission viewed its suspension of only that part of the order directed to those two patents to obviate the need to stay the order in its entirety. SSIH does not now renew its contentions that the order as to the '762 patent should also be suspended.

vestigation for consideration of the new evidence.[5] The Commission has opposed, saying that the new evidence was necessarily considered by the Commission in denying SSIH's motion to reopen. Accordingly, the Commission contends that the appeal filed October 16, 1981, by SSIH should include the issue of denial of SSIH's motion. The Commission has, therefore, filed a motion to include the new evidence in the record of Appeal No. 82–2.

## OPINION

### I.

■ The extraordinary remedy of mandamus is not available from this court unless necessary or appropriate to aid our jurisdiction, and will not issue where meaningful alternatives are available to a petitioner. *Canadian Tarpoly Co. v. U.S. International Trade Commission,* 640 F.2d 1322, 1325, 209 USPQ 33, 35 (Cust. & Pat.App. 1981), and cases cited therein. Thus, this court withheld relief sought through mandamus where the relief sought was also available on appeal of the Commission's order. *Landis Tool Div. v. U. S. International Trade Commission,* 614 F.2d 766, 204 USPQ 112 (Cust. & Pat.App.1980). We conclude that denial of SSIH's motion is appealable; therefore, a meaningful alternative to mandamus is available.

### II.

■ The Commission considered SSIH's motion to reopen the record of the investigation for new evidence by the same standard applied in Federal district court when similar motions are made under Fed.R. Civ.P. 60(b), which provides:

5. While the parties sharply dispute whether the evidence is really "new," a decision on this question is immaterial to our denial of the petition.

6. SSIH's motion cannot be, and was not, considered as a motion similar to a motion for a new trial under Fed.R.Civ.P. 59(b). Unlike a district court which operates under no statutory limitation as to the length of a trial, by statute the Commission is required to "conclude any such investigation, and make its determination [no later than] 18 months ... after

[T]he court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), ....[6]

■ Were SSIH's motion one under Rule 60(b) in a Federal district court, the law is well settled that denial of that motion is appealable. J. Moore, 7 Moore's Federal Practice ¶ 60.30[3], n.6 (2d Ed.1979). Review is limited to whether the court improperly exercised its discretion in denying the motion and cannot extend to a review of the merits of the underlying judgment or order absent a timely appeal of that judgment or order. *Walker v. Mathews,* 546 F.2d 814, 818 (CA 9 1976); *Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127, 1128 (CA 5 1975).

The Commission has provided its own form of Rule 60(b) procedure under 19 CFR 211.57 (1981) which provides:

(a) Whenever any person believes that changed conditions of fact or law, or the public interest, require that a final Commission action be modified or set aside, in whole or in part, such person may file with the Commission a motion requesting such relief. The Commission may also on its own initiative consider such action. The motion shall state the changes desired and the changed circumstances warranting such action ....

This provision essentially implements the requirements of 19 U.S.C. § 1337(h) concerning the period of effectiveness of an exclusion order.[7]

the date of publication of notice of such investigation." 19 U.S.C. § 1337(b)(1). The Commission is without authority to extend the time for concluding and/or rendering a determination on the initial investigation. We do agree, however, that the Commission has the inherent authority to review its determinations. *See* note 8, infra.

7. 19 U.S.C. § 1337(h) provides in pertinent part:
    any exclusion from entry ... shall continue in effect until the Commission finds ... that

Paragraph 5 of the exclusion order in this case specifically makes a § 211.57 procedure available to SSIH.[8] Thus, we view SSIH's motion to reopen as a motion to modify or set aside the Commission's exclusion order, pursuant to paragraph 5 of the order and 19 CFR 211.57.

In *Canadian Tarpoly Co.*, supra, the exclusion order prohibited importation of multicellular plastic film based upon an earlier determination that a process patent was valid and film made by the claimed process would produce injury to a United States industry. Because it was impossible to tell upon inspection whether the film was made by the claimed process, the Commission excluded all multicellular plastic film. The exclusion order did, however, provide that anyone desiring to import film into the United States could institute a subsequent proceeding to prove that the film was made by a process different from the claimed process, whereupon entry would be permitted. The court held that "[i]f adversely affected by a final determination in *that* proceeding, petitioner could appeal to this court." *Canadian Tarpoly Co.*, 640 F.2d at 1325, 209 USPQ at 35 (emphasis in original).

Thus, when one pursues a remedy specifically made available by the Commission and is adversely affected by the denial of the relief sought, an appeal to this court has been recognized.[9] Such relief by way of appeal is available to petitioner here.

### III.

Because denial of SSIH's motion is itself appealable, the new evidence proffered by SSIH can only be considered by this court upon appeal of that denial. No appeal of the denial of the motion has been filed. Moreover, the appeal relating to the initial final determination of Investigation 337–TA–75 does not include the matter of denial of SSIH's motion inasmuch as the notice of appeal was filed prior to the Commission's decision on the motion and has not been amended so as to bring that decision within its scope.

Accordingly, the Government's motion to include the new evidence on this appeal is denied.

■ Should SSIH file an appeal from (or amend its present notice of appeal to include) the Commission's denial of its motion under 211.57, the proffered evidence will necessarily become part of the record before this court. At this time appeal is not foreclosed to SSIH by the expiration of an explicit time limitation. Formerly, it was required that an appeal be filed within 60 days of a Commission determination, in accordance with 19 U.S.C. § 1337(c), which read:

> All legal and equitable defenses may be presented in all cases. Any person adversely affected by a *final determination of the Commission* under subsection (d), (e), or (f) may appeal such determination to the United States Court of Customs and Patent Appeals for review in accordance with chapter 7 of title 5, United States Code. *Notwithstanding the foregoing provisions of this subsection, Commission determinations* under subsections (d), (e), and (f) with respect to its findings on the public health and welfare, competitive conditions in the United States economy, the production of like or directly competitive articles in the United States, and United States consumers, the amount and nature of bond, *or the appropriate remedy* shall be reviewable in accordance with section 706 of title 5, United States Code. [Emphasis added.]

Customs Courts Act of 1980, Pub.L.No.96–417, § 604, 94 Stat. 1744, effective Nov. 1, 1980, Pub.L.No.96–542, § 1(b)(2), 94 Stat. 3209.

---

the conditions which led to such exclusion from entry . . . no longer exist.

8. We note that the inclusion of a § 211.57 procedure, either explicitly as was done here or implicitly as the regulation comprehends, comports with the Commission's obligation to be always concerned with the impact of its orders on the United States economy and consumers as well as its obligation to terminate orders. *See* 19 U.S.C. § 1337(h).

9. This conclusion is in accordance with the expansive statement of reviewable determinations made in 1980 by amendment to 19 U.S.C. § 1337(c) which now reads:

(c) Determinations; review. The Commission shall determine, with respect to each investigation conducted by it under this section, whether or not there is a violation of this section. Each determination under subsection (d) or (e) shall be made on the record after notice and opportunity for a hearing in conformity with the provisions of subchapter II of chapter 5 of title 5, United States Code.

[This] court shall have jurisdiction to review such determination in the same manner and subject to the same limitations and conditions as in the case of appeals from decisions of the United States Customs Court.

In *Southwire Co. v. U.S. International Trade Commission*, 206 USPQ 306 (CCPA 1980), we held that the 60 day time limit to appeal from a decision of the Customs Court applied to appeals from the Commission by virtue of the above-quoted text from § 1337(c). In amending 19 U.S.C. § 1337(c), *see* n.9, supra, Congress deleted this portion of the statute. The legislative history provides no guidance as to whether the deletion was intentional or inadvertent. A reasonable argument can be made that the change in § 1337(c) was intentional because one may not be adversely affected by an exclusion order until more than 60 days after the order becomes final. Thus, we will apply the statute by its terms and hold that there is no fixed time limit on appeals from final determinations of the Commission. *Buchanan v. NLRB*, 597 F.2d 388, 392 (CA 4 1979).[10] We do not find 19 CFR 210.61, which has not been changed since the statute was amended, controlling.

The petition for writ of mandamus is *denied.* The motion to make new evidence of record in Appeal No. 82–2 is *denied.*

10. The more general principles of laches apply.

MARKEY, Chief Judge, dissenting in part.

I join parts I and II of the majority opinion. Most respectfully, I dissent from part III.

It is clear that Congress should consider an appropriate statutory limitation on times to appeal from decisions of the International Trade Commission. In the interim, I view as unnecessary in this case the effective provision by the court of an infinite time for all such appeals.

I see no reason for denying the government's motion to include the new evidence in the record of the present appeal. Achieving an identical result, via the circuitous route of a second appeal or amendment of the present notice, strikes me as unnecessary. There is no warrant for assuming that the Commission, in denying the motion to reopen, did not consider the new evidence and its effect on the Commission's earlier order. I would grant the government's motion.