UNION MANUFACTURING CO., INC.,
Appellant-Respondent,

v.

UNITED STATES INTERNATIONAL
TRADE COMMISSION,
Appellee-Petitioner.

No. 85–2473.

United States Court of Appeals,
Federal Circuit.

Dec. 17, 1985.

Paul T. Meiklejohn and John M. Calimafde, Hopgood, Calimafde, Kabil, Blaustein & Judlowe, New York City, for appellant-respondent.

William E. Perry, Lyn Schlitt and Michael P. Mabile, Office of the General Counsel, U.S. Intern. Trade Com'n, Washington, D.C., for appellee-petitioner.

Before MARKEY, Chief Judge, and NEWMAN and BISSELL, Circuit Judges.

ON MOTION TO DISMISS
PAULINE NEWMAN, Circuit Judge.

ORDER

The motion of the United States International Trade Commission (ITC) to dismiss this appeal for lack of jurisdiction is denied.

*Background*

Union Manufacturing Co. (Union) asserts that it has for five years been seeking relief from the importation from Korea of confusingly similar and often-defective copies of its vacuum bottles. On October 15, 1981 the ITC, pursuant to 19 U.S.C. § 1337, instituted an investigation based on a complaint filed by Union. Twelve Korean firms, including Han Baek Trading Co., Ltd. (Han Baek), were named as respondents to the investigation. Investigation No. 37–TA–108, *Certain Vacuum Bottles and Components Thereof,* 45 Fed.Reg. 53,-543 (1981).

On August 3, 1982 the Commission's administrative law judge (ALJ) issued a recommended determination that the named respondents had violated section 337 of the Tariff Act of 1930. This determination was based on findings of common law trademark infringement and false designation of origin in connection with the importation into and sale within the United States of the vacuum bottles, the effect or tendency of which was to destroy or substantially injure an efficiently and economically operated United States industry.

The ITC rejected the ALJ's recommended determination in a Notice of Termination

published on October 29, 1982, *In re Certain Vacuum Bottles and Components Thereof*, 219 USPQ 637 (U.S. Int'l Trade Comm'n 1982), on the basis that Union had not proven by survey evidence that its vacuum bottle design had acquired a secondary meaning. Union filed a Petition for Reconsideration on November 11, 1982, and a Motion for Relief from the ITC's Order on March 23, 1983, both of which were denied by the Commission on May 24, 1983.

Based on new evidence of consumer confusion showing, *inter alia*, that more than eighty additional imported vacuum bottles were mistakenly returned to Union because they were defective, Union subsequently requested a new investigation. The ITC denied Union's request on February 9, 1984, stating that "eighty returned vacuum bottles is at most evidence that 80 people associate the design of the vacuum bottle with Union", and not sufficient proof of secondary meaning.

On learning of the first ITC action, Union filed suit in October 1982 against Han Baek in the Southern District of New York, alleging false designation of origin and trademark infringement pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). On June 7, 1984, a jury found for Union on the false designation of origin claim and for Han Baek on the trademark infringement claim. *Union Mfg. Co., Inc. v. Han Baek Trading Co.*, 224 USPQ 228 (S.D.N.Y.1984). On July 10, 1984 the district court entered judgment enjoining Han Baek from importing the offending vacuum bottles into the United States and further ordered Han Baek to recall all infringing bottles sold during the preceding year. (Union advises that Han Baek did not comply with this order or with an order of contempt.)

Han Baek appealed to the U.S. Court of Appeals for the Second Circuit. On April 4, 1985 the Second Circuit vacated the district court's judgment on the false designation of origin claim, on the ground that the jury had been improperly instructed. *Un-*ion *Mfg. Co., Inc. v. Han Baek Trading Co., Ltd.*, 763 F.2d 42 (corrected opinion), 226 USPQ 12 (uncorrected opinion) (2d Cir. 1985).

The Second Circuit also held that ITC decisions in trademark and unfair competition cases are to be accorded *res judicata* effect, although that effect would be applied only prospectively to Union. *Id.* at 44–46, 226 USPQ at 13–15. The Second Circuit observed that Union had not appealed the adverse ITC decisions at the time they were made, and suggested that Union appeal the ITC decisions to this court, stating in its corrected opinion that:

> [S]ince at the time of that [ITC] judgment there was no statutory time limit on appeals from ITC · determinations, *SSIH Equipment S.A. v. United States International Trade Commission*, 673 F.2d 1387, 1390–91 (C.C.P.A.1982), Union might still be able to obtain review in the Federal Circuit unless that Court concludes either that a recently enacted statute of limitations applies to bar an appeal at this time, or that an appeal is barred by laches.... Under these circumstances, we will direct the District Court to stay further proceedings for thirty days to afford Union an opportunity to pursue an appeal of the ITC decision to the Federal Circuit, and, if an appeal is promptly sought, until the appeal is decided. If Union fails to seek review in the Federal Circuit within thirty days or if the Federal Circuit adjudicates the appeal on its merits, the District Court shall dismiss the complaint. If, on the other hand, the appeal, though taken within thirty days of this decision, is not adjudicated on its merits, then the District Court shall vacate the stay and retry the case.

*Id.* at 46 (footnote omitted).

Union duly filed the suggested appeal in this court within thirty days of the Second Circuit decision. The ITC now moves to dismiss the appeal as untimely, relying on

19 U.S.C. § 1337(c) (1984)[1] which provides in relevant part:

> Any person adversely affected by a final determination of the Commission under subsection (d), (e), or (f) of this section may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit for review in accordance with chapter 7 of Title 5.

The ITC contends that the Commission determination was final on either October 29, 1982 or May 24, 1983, and that Union is barred by the sixty day statutory time limit.

Union argues in opposition to the motion that this statutory time limit was not enacted until 1984 and does not have retroactive effect. Union asserts that it should not be deprived of its appellate rights when the statute itself is silent on the point, and that the interest of justice requires that doubt be resolved in favor of permitting it to appeal. Union argues that its appeal is in accordance with the decision of the Second Circuit, that it had no reason to appeal earlier, and that acceptance of the appeal would implement the request of the Second Circuit and facilitate resolution of this long-standing matter.

## Analysis

### I.

By the Customs Court Act of 1980 Congress deleted the sixty day time limit for appeals from final determinations of the ITC.[2] In *SSIH Equipment S.A. v. U.S. Int'l Trade Comm'n*, 673 F.2d 1387, 1391, 213 USPQ 529, 532 (CCPA 1982), the Court of Customs and Patent Appeals held that the statute must be applied in accordance with its terms, and therefore that "there is no fixed time limit on appeals from final determinations of the Commission".

Thus no statutory time limit for appeals was in effect at the time of the ITC's denial of Union's requests for relief. The sixty day limit was added to 19 U.S.C. § 1337(c) by amendment enacted on November 11, 1984. At that date Union had received a favorable jury verdict in the district court, and Han Baek's appeal to the Second Circuit was pending.

The statute is silent on the intended effect of the amendment on unappealed ITC decisions issued prior to November 11, 1984, and it is silent as to its effective date. The legislative history sheds no light on this question, although it plainly states Congress' desire to reinsert "the original 60 day time-period for taking an appeal from a determination of the International Trade Commission". H.R.Rep. No. 98–619, 98th Cong., 2d Sess. 1, 4, *reprinted in* 1984 U.S.Code Cong. & Ad.News 5708, 5796.

The ITC argues that Union's right to appeal the ITC's determinations was extinguished no later than sixty days after November 11, 1984. It argues that under the principle of *Sohn v. Waterson*, 84 U.S. (17 Wall.) 596, 600, 21 L.Ed. 737 (1873), the limitation for previously accrued actions runs from the effective date of the later-enacted statute. Although the statute here is silent as to its effective date, the ITC argues that it is the date of enactment.

The *Sohn* rule has often been followed, as a modification of the general rule that statutes that imposed limits where none had existed should be construed only prospectively, unless the statutory language is specifically to the contrary or if there is a necessary implication to contrary effect. *Harvey v. Tyler*, 69 U.S. (2 Wall.) 328, 347, 17 L.Ed. 871 (1864).

Subsequent decisions of the Supreme Court have made clear that neither rule need be mechanically applied. The Court has frequently affirmed the power of the legislature to pass statutes of limitations for periods less than those prescribed at the time a cause of action arose, *see, e.g., Koshkonong v. Burton*, 104 U.S. 668, 675, 26 L.Ed. 886 (1881), but the Court has

---

1. Technical Amendments to the Federal Courts Improvement Act of 1982, Pub.L. No. 98–620, § 413, 98 Stat. 3335, 3362 (1984).

2. Customs Court Act of 1980, Pub.L. No. 96–417, § 604, 94 Stat. 1727, 1744 (1980).

consistently emphasized that any shortened time period must be

subject to the fundamental condition that a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of an action before the bar takes effect.

In *In re Brown*, 135 U.S. 662, 701, 707, 10 S.Ct. 972, 984, 985, 34 L.Ed. 304 (1890), the Court elaborated upon the requirement that the shortened time period be "reasonable", noting:

What would be reasonable in one class of cases would be entirely unreasonable in another.

It is necessary, therefore, to look at the nature and circumstances of the case before us, and of the class of cases to which it belongs.

Again in *Wilson v. Iseminger*, 185 U.S. 55, 63, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902), the Court stated that the time allowed cannot be "manifestly so insufficient that the statute becomes a denial of justice". *See also Terry v. Anderson*, 95 U.S. 628, 633, 24 L.Ed. 365 (1877) ("the question is one of reasonableness" and "for what is reasonable in a particular case depends upon its particular facts").

The ITC asserts that our decision is controlled by *Bradley v. School Board of Richmond*, 416 U.S. 696, 715, 94 S.Ct. 2006, 2018, 40 L.Ed.2d 476 (1974), that held "even where the intervening law does not explicitly recite that it is to be applied to pending cases, it is to be given recognition and effect". *Bradley* did not involve the retroactive application of a statute of limitations but rather the applicability of a new attorneys fee statute enacted while a case was pending before the Court of Appeals.

The Court was careful to state that its decision in *Bradley* did not "purport[ ] to hold that courts must always thus apply new laws to pending cases in the absence of clear legislative direction to the contrary", and that exceptions " 'had been made to prevent manifest injustice,' citing *Greene v. United States*, 376 U.S. 149 [84 S.Ct. 615, 11 L.Ed.2d 576] (1964)". *Id.* at 715, 716, 94 S.Ct. at 2018 (footnote omit-

ted). When the statute is silent, the courts may determine the reasonableness of applying new statutes of limitations to the specific circumstances involved. In the case before us the statute is silent as to both existing appeal rights and effective date. In this statutory silence, we are not required to adopt an inflexible interpretation that extinguishes all preexisting opportunities for appeal, whatever the circumstances.

■ We interpret the silence of Congress as intending that a just transition shall ensue. In implementation of the tradition of enabling judicial review when feasible, we hold that Union's procedure was not unreasonable under the circumstances, and that its appeal is not barred by the statute.

We therefore consider whether Union's appeal is barred by laches. As discussed *supra*, Union was proceeding with a jury trial before the United States district court. In reliance on the statute then in effect and reinforced by the decision in *SSIH*, Union was subject to no statutory time limit within which to appeal the ITC's 1982 and 1983 determinations. In February 1984 the ITC denied Union's request for a new investigation, and in June 1984 the jury found in Union's favor on its section 43(a) claim; Han Baek was enjoined and held in contempt. When the 60-day limit was enacted on November 11, 1984, and on the date 60 days thereafter that the ITC says was Union's last chance to appeal, the Second Circuit had not decided the appeal from the jury verdict.

■ The Second Circuit recognized the possibility that this court would accept Union's appeal as timely. The ITC has not argued that it was prejudiced by Union's delay in filing this appeal. *See Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741, 220 USPQ 845, 850 (Fed.Cir.1984). In view of all the circumstances, we conclude that this action is not barred by laches.

## II.

The ITC agrees that its October 29, 1982 and May 24, 1983 adverse decisions are

final determinations. The ITC argues, however, that the February 9, 1984 decision is not a final determination under subsection (d), (e), or (f) of section 1337 and therefore is not appealable pursuant to § 1337(c). The ITC moves dismissal of that portion of the appeal.

We deny this motion, without prejudice to its renewal at argument on the merits. From the limited record before us, it appears that the facts are closely related. We think it premature to bar any requisite review of ancillary material. *Refractarios Monterrey, S.A. v. Ferro Corp.*, 606 F.2d 966, 970 n. 10, 203 USPQ 568, 572 n. 10 (CCPA 1979), *cert. denied*, 445 U.S. 943, 100 S.Ct. 1338, 63 L.Ed.2d 776, 205 USPQ 488 (1980). *See also American Telephone and Telegraph Co. v. U.S. Int'l Trade Comm'n*, 626 F.2d 841, 842, 206 USPQ 222, 223 (CCPA 1980) ("court will consider evidentiary matters associated with statutory final determinations"). In *SSIH*, 673 F.2d at 1389–90, 213 USPQ at 530–32, the CCPA held that the denial of a motion to reopen the record to consider new evidence is appealable. To the extent that the denial of a reinvestigation is related to the prior final determination on appeal, it is premature for us to decide whether the interests of justice and of economy of litigation are served if the February 9, 1984 ITC decision is insulated from all scrutiny.

Accordingly, IT IS ORDERED:

(1) Petitioner's motion to dismiss this appeal as untimely is denied.

(2) Petitioner's motion to dismiss that portion of the appeal concerning the February 9, 1984 decision of the ITC is denied without prejudice.

(3) Appellant's brief is due 60 days from the date of its receipt of this Order.