**ALLIED CORPORATION, Appellant,**

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,**

**Nippon Steel Corporation and Nippon Steel U.S.A., Inc., Intervenors,**

**Hitachi Metals, Ltd. and Hitachi Metals International, Ltd., Intervenors,**

**Vacuumschmelze GMBH, Intervenor.**

Appeal No. 85–2166.

United States Court of Appeals, Federal Circuit.

Jan. 21, 1986.

---

William J. Gilbreth, Fish & Neave, New York City, for appellant.

Phyllis N. Smithey, Lyn M. Schlitt and Michael P. Mabile, Office of the Gen. Counsel, U.S. Intern. Trade Com'n, for appellee.

Robert T. Tobin, Kenyon & Kenyon, Thomas L. Creel, Daniel J. Plaine, Jane C. Luxton, Jeanne E. Davidson, Bradley E. Lerman and Mark D. Whitener, Steptoe & Johnson, Washington, D.C., for intervenor Nippon Steel, et al.

Steven H. Noll, Hill, Van Santen, Steadman & Simpson, Chicago, Ill., John D. Simpson, Tom M. Schaumberg and Alice A. Kipel, Plaia & Schaumberg, Washington, D.C., for intervenor Vacuumschmelze GmbH.

Thomas J. Macpeak, Sughrue, Mion, Zinn, Macpeak & Seas, Washington, D.C., and Waddell A. Biggart, Alan J. Neuwirth and Richard A. Nescon, Kassel, Neuwirth & Geiger, New York City, for intervenor Hitachi.

Before MARKEY, Chief Judge, and FRIEDMAN and DAVIS, Circuit Judges.

## ORDER

MARKEY, Chief Judge:

This is a joint motion of ITC and the intervenors (movants) for a decision on certain jurisdictional questions before review on the merits. Movants argue that the court is without jurisdiction and the appeal should be dismissed because it was filed out of time.

Allied filed its notice of appeal on February 13, 1985. The appeal is from a July 6, 1984 determination of the International Trade Commission (ITC) adopting the findings of an administrative law judge (ALJ) regarding the importation of certain amorphous metal alloys alleged to infringe three of Allied's patents. The ALJ determined that two of the patents were invalid, but that the third patent was valid and infringed by the imported articles.

On October 15, 1984, the ITC issued an order excluding those articles which infringed the one patent held valid and infringed. On December 17, 1984, the Presidential review period for that exclusion order expired. Because Allied prevailed in respect of that patent and the exclusion order, it could not appeal from that order. Similarly, if the President had disapproved the exclusion order, Allied would have had no basis for appeal, the President's action having rendered the ITC determination of no force or effect. *Duracell, Inc. v. U.S. International Trade Commission*, 778 F.2d 1578 (Fed.Cir.1985).

The ITC argues that its July 6, 1984 order adopting the ALJ's determination constituted the final order from which Allied was required to appeal. The only determination by which Allied is aggrieved is that holding two of its patents invalid.

That determination was final as of July 6, 1984, there being no provision for Presidential review, or for other administrative proceedings, following a determination that does not lead to an exclusion order.

Allied asserts that a § 337(c) proceeding is a single entity and that it was waiting for expiration of the Presidential review period. The argument is without merit. *Cf. Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952). Further, it is contrary to Allied's interests here. As above indicated, Allied was without an appeal from the determination that its one patent was valid and infringed, regardless of the result of Presidential review. The July 6, 1984 determination, on the other hand, meant that the goods challenged by Allied as infringements of its other two patents could continue to be imported. Allied has cited no reason for continuing to suffer importation of those goods for seven months, while awaiting an action of the President that could not possibly effect its right to appeal from the July 6, 1984 determination.[1]

Allied's notice of appeal was filed more than 60 days after the July 6, 1984 determination of the ITC *and* more than 60 days after the November 11, 1984 reimposition by Congress of the 60-day limitation. Technical Amendments to the Federal Court Improvements Act of 1982, Pub.L. No. 98–620, § 413, 98 Stat. 3362 (1984) (the Act). Allied's appeal is thus untimely and must be dismissed.[2]

Accordingly, IT IS ORDERED THAT:

The joint motion for determination of whether this court has jurisdiction of the appeal is granted, the question is answered in the negative, and the appeal is dismissed.

1. Intervenors whose products were subject to the exclusion order could not appeal the July 6, 1984 determination that the one patent was valid and infringed, the finality of that determination being dependent on Presidential action. If the President declined to disapprove the exclusion order, that order would then become final and subject to timely appeal by intervenors.

2. In *Union Manufacturing Co., Inc. v. U.S. International Trade Commission*, 781 F.2d 186, this court held that the 60-day limitation of the Act should not be mechanically applied to causes of action arising prior to its effective date where, as in that case, an appellant had been actively pursuing its rights in other courts. However, as indicated in the text, Allied has demonstrated no basis on which its delay might be justified.