845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BELOIT CORPORATION, Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
and
Valmet Oy and Valmet Paper Machinery, Inc., Intervenor.
 No. 87-1230.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1988.
 
 Before DAVIS, Circuit Judge, BALDWIN, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The final determination of the United States International Trade Commission (Commission) in Investigation No. 337-TA-147 finding no violation of 19 U.S.C. 1337 (section 337) is affirmed.
 
 OPINION
 
 2
 1. Review of the Commission's Findings of Fact
 
 
 3
 Beloit Corporation (Beloit) asserts that the Commission has erred by substituting de novo factual findings for those findings issued in an initial determination of its administrative law judge without first declaring those initial findings "clearly erroneous." The Commission interprets its regulations as requiring no such limitation and contends that standards of "clear error" for acceptance of a petition for review under 19 C.F.R. Sec. 210.54 are discrete from the process of review as defined in 19 C.F.R. Sec. 210.56. Furthermore, the Commission argues that its scope of review is defined by the published notice of review and that the bounds of that notice have not been exceeded. See 19 C.F.R. Sec. 210.56(b), 51 Fed.Reg. 8671 (1986).
 
 
 4
 We are not persuaded that the Commission's interpretation of its review power is in disaccord with the origin of the statute, statutory language, or the statutory purpose of section 337. See United States v. Riverside Bayview Homes, Inc., 474 U.S. 121, 132 (1985). (When defining the bounds of its regulatory authority, an agency may appropriately look to the legislative history and the underlying policies of its statutory grants of authority.) Congress has granted the Commission broad powers to conduct its investigation. 19 U.S.C. Sec. 1337(c). Deference must be given to an interpretation of a statute by the agency charged with its administration. Id. at 131. Thus we defer to the Commission, which has by regulation specifically allowed that its final determination be based on the record in the proceedings:
 
 
 5
 (c) Determinaton on review. On review the Commission may affirm, reverse, modify, set aside or remand for further proceedings, in whole or in part, the initial determination of the administrative law judge and make any findings or conclusions which in its judgment are proper based on the record in the proceeding.
 
 
 6
 19 C.F.R. Sec. 210.56.
 
 
 7
 Only "final determinations" excluding or refusing to exclude articles from entry are reviewable on appeal. Block v. United States International Trade Commission, 777 F.2d 1568 (Fed.Cir.1985); Import Motors Ltd., Inc. v. United States International Trade Commission, 530 F.2d 940, 944, 188 USPQ 490, 494 (CCPA 1976), 19 U.S.C. Sec. 1337(c). Because findings of fact are not "final determinations" within the meaning of section 337, our scope of review is narrowly limited to overturning factual findings only if they are unsupported by substantial evidence. In reviewing these findings, it is not our appellate function to determine whether findings of the Commission were right or wrong. Corning Glass Works v. United States International Trade Commission, 799 F.2d 1559, 1565, 230 USPQ 822, 825-26 (Fed.Cir.1986); American Telephone & Telegraph Co. v. United States International Trade Commission, 626 F.2d 841 (CCPA 1980). We will not displace the Commission's choice between two fairly conflicting views as long as that choice is supported by substantial evidence. See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985).
 
 
 8
 2. Invalidity of the '758 Patent Under 35 U.S.C. Secs. 102(b)(e)
 
 
 9
 Beloit contends that the Commission erred in finding invalidity of claims 1, 2, and 10 of U.S. Patent No. 3,726,758 ('758 patent) under 35 U.S.C. Secs. 102(b) and (e). In reaching that conclusion, the Commission identified the limitations of the claims at issue and determined that each limitation was met in one reference, the Robinson patent. Having considered each of appellant's arguments, we find neither legal error in the invalidity analysis nor a lack of substantial evidence to support the Commission's findings.
 
 
 10
 Principal among Beloit's assertions of error is that the Commission improperly found invalidity by combining features from various embodiments disclosed in Robinson. We have not adopted this reasoning. The identity of invention which must be demonstrated to prove that a patent claim is anticipated under sections 102(b) or (e) may be found by showing that each claim limitation is present in a single prior art reference. The anticipating reference need not explicitly teach the purported invention in the claims under attack. Kalman v. Kimberly-Clark Corp., 713 F.2d 760, 772, 218 USPQ 781, 789 (Fed.Cir.1983). Similarly, it is not required, as Beloit asserts, that each limitation of the claims under attack be identified in one embodiment in the single reference. It is necessary only that all limitations of the claim be found somewhere within the invalidating reference. Id.
 
 3. Invalidity Under 35 U.S.C. Sec. 103
 
 11
 We also reject Beloit's contentions that the Commission erred in failing to apply the proper test for obviousness under 35 U.S.C. Sec. 103. The Commission's analysis of obviousness contains no legal error and is supported by substantial evidence.
 
 
 12
 4. The Existence of a Section 337 Domestic Industry
 
 
 13
 Having affirmed the Commission in regard to invalidity of the '758 patent, the Commission's findings on the existence of a section 337 domestic industry are rendered moot with respect to a statutory violation. Accordingly, we hereby vacate that portion of the Commission's final determination which determined that there was no section 337 domestic industry.