889 F.2d 1098
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ATMEL CORPORATION, Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION and Intel
Corporation, Appellee.
 No. 89-1333.
 United States Court of Appeals, Federal Circuit.
 July 25, 1989.
 
 Before FRIEDMAN, BISSELL and ARCHER, Circuit Judges.
 ORDER
 BISSELL, Circuit Judge.
 
 The following have been submitted:
 
 1
 (1) Intel Corporation's motion to dismiss the appeal of Atmel Corporation;
 
 
 2
 (2) The United States International Trade Commission's response in support of Intel's motion to dismiss;
 
 
 3
 (3) Atmel's opposition thereto;
 
 
 4
 (4) The unopposed motion of Hyundai Electronics Industries Co., Ltd. for leave to intervene;
 
 
 5
 (5) Seeq Technology, Inc.'s motion for leave to intervene;
 
 
 6
 (6) Atmel's opposition to Seeq's motion for leave to intervene; and
 
 
 7
 (7) Seeq's motion for leave to file a reply to Atmel's opposition.
 
 
 8
 This matter stems from an investigation into unfair trade practices involving the importation of Erasable Programmable Read Only Memories. On November 16, 1988, an administrative law judge issued an initial determination, finding a violation of section 337 of the Tariff Act of 1930, as amended. The parties petitioned the Commission for review and, on January 3, 1989, the Commission issued its "Notice of Decision on Whether to Review Initial Determination." The instant appeal is from the January 3 Notice.*
 
 
 9
 It is beyond doubt that Atmel's appeal is premature. There is no "final determination" within the meaning of 19 U.S.C. Sec. 1337(c) or 28 U.S.C. Sec. 1295(a)(b). See Allied Corp. v. United States International Trade Commission, 782 F.2d 982 (Fed.Cir.1986); Duracell, Inc. v. United States International Trade Commission, 778 F.2d 1578 (Fed.Cir.1985).
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) Intel's motion to dismiss is granted.
 
 
 12
 (2) The remaining motions for leave to intervene are moot.
 
 
 
 *
 Subsequent to Atmel's notice of appeal, the Commission on March 16, 1989, issued its determination finding a violation of section 337. The Presidential review period followed